```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


DANNIE LEE BEVERLY,              :
                                 :
     Petitioner,                 :
                                 :           PRISONER
V.                               :     No. 3:07-CV-1333(RNC)
                                 :
WARDEN,                          :
                                 :
     Respondent.                 :
```

### RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

### I. Background

In 2000, after a jury trial in Connecticut Superior Court, petitioner was convicted of first degree manslaughter with a firearm (as a lesser included offense of murder), first degree assault and carrying a pistol without a permit. The case arose from the shootings of Tyrell Blackwell, who died after being shot in the back, and Roosevelt Green, who survived a gunshot wound to his hand. Petitioner testified that he killed Blackwell and shot Green in self-defense as Green was trying to rob his gold neck chain, which held a religious medallion. After the jury returned its verdict, the trial court found petitioner guilty of using a firearm in the commission of a class B felony (petitioner having waived his right to a jury trial on this charge). Petitioner was sentenced to prison for a total of fifty years.

On direct appeal, petitioner claimed that prosecutorial misconduct deprived him of a fair trial, a jury instruction on consciousness of guilt violated his right to due process, and a five-year sentence enhancement he received for committing a felony with a firearm violated double jeopardy.  The Appellate Court affirmed and the Supreme Court denied certification.  State v. Beverly, 72 Conn. App. 91 (2002), cert. denied, 262 Conn. 910 (2002).

Petitioner sought habeas relief in state court alleging ineffective assistance of trial and appellate counsel and errors by the trial court.  The allegations of deficient performance of appellate counsel were withdrawn and the allegations regarding errors by the trial court were held to be procedurally defaulted.  After an evidentiary hearing, the claim of ineffective assistance of trial counsel was rejected on the ground that petitioner's trial counsel provided "quality representation."  The Appellate Court affirmed and the Supreme Court denied certification.  Beverly v. Commissioner of Correction, 101 Conn. App. 248, 249, cert. denied, 283 Conn. 907 (2007).

The present petition seeks relief based on prosecutorial misconduct, ineffective assistance of trial counsel and the jury instruction regarding consciousness of guilt.[1]

---

[1] Petitioner included two additional unexhausted claims in his petition.  In response to respondent's motion to dismiss or stay, petitioner withdrew those claims.  See Doc. #13.

II.  Discussion

Under § 2254(d)(1), federal habeas relief is not available for a claim adjudicated on the merits in state court unless the state court's decision is (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court" or (2) "based on an unreasonable determination of the facts."

A.  Prosecutorial Misconduct[2]

Prosecutorial misconduct may provide a basis for habeas relief if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986).

Petitioner contends that he was deprived of a fair trial based on a pattern of prosecutorial misconduct. He contends that the prosecutor's questions to a detective concerning his involvement in petitioner's arrest and the prosecutor's comments on the detective's testimony during closing argument unfairly portrayed him as a dangerous criminal. The Appellate Court determined that the questions were properly directed to the detective's qualifications, his role in the arrest and the circumstances surrounding the arrest and that the comments merely

---

[2] Petitioner does not specify the basis for his claim of prosecutorial misconduct. Construing the petition in a manner most favorable to the pro se petitioner, the Court assumes that the claim replicates the one presented on direct appeal.

summarized the detective's properly admitted testimony.  <u>Beverly</u>, 72 Conn. App. at 97-98.

Petitioner criticizes the prosecutor for asking him various questions on cross-examination and commenting on his testimony during closing argument.[3]  The Appellate Court determined that the questions did not exceed the scope of proper cross-examination and that the comments reflected reasonable inferences from the evidence.  <u>Id.</u> at 99-100.

Petitioner claims that the prosecutor improperly read from a witness's statement that was not admitted into evidence.  The Appellate Court determined that the prosecutor's use of the statement to refresh petitioner's recollection was not improper. <u>Id.</u> at 101-02.

Finally, petitioner claims that the prosecutor impugned the sincerity of his religious beliefs by commenting on a cross he wore outside his clothing at the end of the trial.  This claim is based on the prosecutor's comment during closing argument that "[u]p until yesterday, there was never any jewelry hanging out of his shirt.  Yesterday was the first time he had that cross over his tie.  He has it out again today.  You think it, that was not

---

[3] The prosecutor asked petitioner whether he told his mother after the shootings that he planned to leave the state, whether he possessed a firearm and had safes in his house for storing drugs and guns, whether he used a pit bull as a guard dog and whether he kept the gun used in the shooting in a safe in his house.

4

planned?" After reviewing this comment in context, the Court determined that it referred to the credibility of petitioner's claim of self-defense, rather than the sincerity of his religious belief, and thus was not improper. Id. at 102-03.

Petitioner has not shown that the Appellate Court's rejection of his claim of prosecutorial misconduct involves an unreasonable application of federal law. Accordingly, he cannot obtain relief on this claim.

B.   Ineffective Assistance of Counsel

To obtain relief on the basis of ineffective assistance of counsel, petitioner must show that his trial counsel's performance was seriously deficient and that his counsel's errors actually prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner claims that his trial counsel's decision to accept two jurors was objectively unreasonable. During voir dire, one juror stated that he "wouldn't trust . . . totally" someone who sold or used drugs, and that drug use by the petitioner on the day of the incident "would cause [him] to feel that [petitioner was] guilty right away . . . [because drugs] impair judgment . . . ." When asked if he could apply the law as instructed by the judge regardless of this belief, the juror said he could. Resp't Mem. App. S, Tr. of May 10, 2000, at 133-39. The other juror stated that she had strong feelings about guns,

and it would be difficult for her to be fair to petitioner if a gun had been used.  She also stated, however, that she would need to hear all the evidence before reaching a verdict.  Resp't Mem. App. S, Tr. of May 8, 2000, at 136-42.

The habeas court determined that the decision to accept the two jurors was tactical and not unreasonable.[4]  The habeas court also found that petitioner failed to prove that the jurors could have been successfully challenged for cause or that if they had been removed the outcome of the trial would have been different.

The habeas court's ruling that petitioner had failed to meet his burden of proving deficient performance was upheld by the Appellate Court.  The Court stated that counsel's decisions to accept the jurors were guided by professional judgment and, as such, would not be second-guessed.  Because no deficiency had been shown, the Court did not reach the issue of prejudice. Beverly, 101 Conn. App. at 249-52.

The state courts' rulings reflect proper application of the Strickland test to facts permissibly found.  Accordingly, petitioner cannot recover on this claim.

---

[4] Petitioner's trial counsel testified at the habeas hearing that he was not concerned about the first juror's statements regarding drug use because the juror had a prior drug arrest and some of the State's witnesses were drug dealers.  He testified that he accepted the second juror because she believed that a witness's credibility could be undermined by a prior felony conviction and several of the State's witnesses were convicted felons.

C.   Consciousness of Guilt Instruction

Petitioner claims that the consciousness of guilt instruction violated due process by invading the fact-finding province of the jury.  The jury was instructed: "The defendant's initial flight and hiding does not raise a legal presumption of guilt, but it is to be given the weight to which the jury thinks it is entitled under the circumstances shown in this case."  The Appellate Court declined to review this claim because petitioner failed to properly preserve it at trial and the claimed error did not result in an unreliable verdict.  See Beverly, 72 Conn. App. at 104.

To obtain federal habeas review of a claim that has been procedurally defaulted in state court, a defendant must show cause for the failure to preserve the claim and actual prejudice as a result of the alleged constitutional violation.  Coleman v. Thompson, 501 U.S. 722, 749-750 (1991).  To satisfy the "cause" requirement, petitioner must show that some objective factor external to the defense impeded his counsel's efforts to comply with the state procedural rule, that the legal basis for the claim was not readily available to his counsel, or that interference by the state rendered compliance impracticable.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  If a defendant is unable to meet this test, he must show that failure to review the

claim will "result in a fundamental miscarriage of justice."  <u>Id.</u> at 495.  Petitioner has not made either showing.

IV.  <u>Conclusion</u>

Accordingly, the petition is hereby denied.  Because petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

So ordered this 7th day of February 2009.

<pre>
                         /s/ RNC
                    Robert N. Chatigny
                 United States District Judge
</pre>